# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE<br>611 Pennsylvania Avenue, SE<br>Suite No. 183<br>Washington, DC 20003<br><br>      Plaintiff,<br><br>   v.<br><br>ENVIRONMENTAL PROTECTION AGENCY<br>1200 Pennsylvania Avenue N.W.<br>Mail Code 2310A<br>Washington, DC 20460<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 24-cv-2081<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff POWER THE FUTURE ("PTF"), for its Complaint against Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY ("USEPA"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* for declaratory, injunctive, and other relief. Plaintiff seeks the immediate processing and release of agency records responsive to one FOIA request submitted by Plaintiff.

2. This action is filed following USEPA's failure to comply with the express terms of FOIA, including but not limited to its failure to provide any substantive response to the request at issue.

3. USEPA's failure to comply with FOIA includes but is not limited to the agency's failure to, e.g., fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013), its failure to respond to Plaintiff's request, and its constructive or actual

1

withholding of responsive information and/or documents in violation of Defendant's obligations.

## PARTIES

4. Plaintiff Power the Future is a non-profit organization incorporated in the State of Delaware dedicated to "disseminating research, sharing facts and truths, engaging at the local level and interacting with the media," specifically relating to energy and environmental public policy.

5. Defendant Environmental Protection Agency is a federal agency headquartered in Washington, DC, and it has possession and control over the records that Plaintiff seeks.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because Defendant neither produced records nor made a timely "determination" as that term is defined in *Citizens for Responsibility & Ethics in Wash. v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013). See also, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves similarly situated plaintiffs of any exhaustion requirement).

## PLAINTIFF'S FOIA REQUEST

9. On May 30, 2024, Plaintiff submitted by the FOIA.gov internet portal a FOIA request to Defendant seeking described records, specifically non-email, non-text message correspondence ("chats", as defined) of one named senior official (Dan Utech) over an approximately five-month period.

10. Records responsive to this request will shed light on EPA's involvement in the current administration's declared "whole of government" approach to imposing a never enacted "climate" agenda. Specifically, and further, records responsive to this request will shed light on EPA's involvement with, *inter alia*, outside activist groups including meetings hosted by outside groups which, other FOIA litigation has documented, create and hold "chat" for meetings with administration officials (federal records) outside of the custody of the creating agency.

11. The information Plaintiff sought is plainly public information subject to release under FOIA, and is of great public interest.

12. On May 30, 2024, Defendant acknowledged the request and assigned it request number 2024-EPA-04496.

13. On June 17, 2024, although the request sought text message correspondence of one official, over just five months of time, Defendant informed Plaintiff its request at issue here was classified as "complex" due to an ostensible need to consult with other components of the Agency, and claimed it would take ten extra working days to provide the required determination.

14. Defendant did not claim that "unusual circumstances" exist which by statute grants agencies the additional ten working days to respond.

15. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

16. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.  No tolling of any relevant deadlines took place in this case.

17. USEPA owed Plaintiff a "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), no later than June 28, 2024.

18. Alternatively, even assuming *arguendo* that by virtue of claiming the above-described request, seeking text message correspondence of one official over just five months of time was "complex," the agency was entitled to claim the statutory extension afforded for requests for which it claims "unusual circumstances" exist, USEPA owed Plaintiff a "*CREW*" response to its request no later than July 15, 2024..

19. However, USEPA has provided no substantive response or "determination" with respect to the request.

20. USEPA is now past its statutory period for issuing such a determination on the above-described request without providing any substantive response to Plaintiff's request in violation of its obligations under FOIA.

**FIRST CLAIM FOR RELIEF**
**Duty to Produce Records – Declaratory Judgment**

21. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

22. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

23. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

24. Plaintiff is not required to further pursue administrative remedies.

25. Plaintiff asks this Court to enter a judgment declaring that:

    a. USEPA owed Plaintiff a "*CREW*" response to its request, including a determination, no later than July 15, 2024;

    b. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

    c. USEPA's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy USEPA's obligations under FOIA;

    d. USEPA must now produce records responsive to Plaintiff's request, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

26. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

27. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA request described herein.

28. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto, at no cost to the Plaintiff.

29. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to USEPA's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees

30. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

31. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

32. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Power the Future respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, and/or by failing to notify Plaintiff of final determination within the statutory time limit;

3. Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order and without cost to the Plaintiff;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 17th day of July, 2024,

POWER THE FUTURE
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

s/Christopher Horner
Christopher Horner, D.C. Bar No. 440107
Max Will, PLLC
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 262-4458
Email: Chris@CHornerLaw.com